IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCENTSY, INC., ) | |
| ) | Case No. CV-08-553-S-EJL |
| Plaintiff, ) | |
| ) | **TEMPORARY RESTRAINING** |
| v. ) | **ORDER** |
| ) | |
| PERFORMANCE ) | |
| MANUFACTURING, INC., ) | |
| RIMPORTS (USA) LLC, JEFFERY ) | |
| W. PALMER, and MIKE DUFF, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Temporary Restraining Order (Docket No. 3). The Court heard oral argument on the motion on December 30, 2008, and now issues the following decision.[1]

---

[1] This case was assigned to United States District Judge Edward J. Lodge. However, Judge Lodge was unavailable to hear the instant motion, and given the emergency nature of a TRO request, this Court presided over the hearing. The Court was requested by Judge Lodge to proceed in this fashion, and following issuance of this Order, the case will be returned to Judge Lodge.

**Order - 1**

# ANALYSIS

## I. Standard for TRO

The well-known standard for a temporary restraining order is similar to the standard for a preliminary injunction which "balances the plaintiff's likelihood of success against the relative hardship to the parties." *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999). The plaintiff is "required to demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor." *Id.* These alternatives represent "extremes of a single continuum, rather than two separate tests." *Id.* (internal quotation and citation omitted).

## II. Scentsy v. Performance Manufacturing

The Court understands that Scentsy is concerned that if Performance Manufacturing delivers a custom built machine similar to Scentsy's Alice and/or Fred to Rimports, Rimports will examine the machine in depth and determine the formula, heating and cooling temperatures for Scentsy's fragrance bars, and the packaging processes for packaging its fragrance bars. Scentsy initially believed that the machine was in transit or scheduled for deliver in early January 2009. However, Performance Manufacturing informed the Court and parties during oral

argument that the machine is not scheduled for delivery until January 22, 2009. Thus, at this point, the Court finds that neither party will be injured if the Court simply orders Performance Manufacturing not to move up the delivery date, which will give the Court an opportunity to hold a preliminary injunction hearing in this matter before delivery of the machine. Additionally, the Court will order Performance Marketing to make no attempt to access or acquire any of Scentsy's proprietary, confidential and/or trade secret information by any other means.

### III.   Scentsy v. Rimports

Scentsy's primary concern with Rimports relates to copyright infringement and trade dress. Scentsy's concern relates to two related products: (1) wickless candle warmers; and (2) fragrance bars used in the warmers. At the hearing on this matter, Scentsy provided the Court with exhibits consisting of three Scentsy warmers and three Rimports' warmers, as well as two sets each of Scentsy's and Rimport's fragrance bars used in the warmers. Scentsy contends that Rimports' ScentSationals brand warmers and fragrance bars cause consumer confusion. Specifically, Scentsy is concerned that it is losing goodwill with customers and consultants because consumers mistake Rimports' warmers and fragrance bars, which are sold at Wal-Mart in Utah, for Scentsy's warmers and fragrance bars, which are sold only through its consultants.

**Order - 3**

A review of the exhibits in this case reveals that Rimports' warmers and fragrance bars are very similar to Scentsy's products. Some of Rimports' warmers are identical or almost identical in shape, form, color, texture and design as Scentsy's warmers. The most notable similarity is between Rimports' ScentSationals Desert Sand Hearth Warmer, which is all but identical to Scentsy's Sandstone Warmer (See Exs. 1-2b.) Rimports' ScentSationals Tuscany Hearth Warmer is also quite similar to Scentsy's Sonata Warmer. (See Exs. 3-4b.), and although Rimports' ScentSationals Midnight Vase Hearth Warmer is somewhat different in shape, and different in color, it has some similarity to Scentsy's Luminous Warmer. (See Exs. 5-6b.) The packaging for Rimports' warmers is different from Scentsy's packaging.

As for the fragrance bars, Rimports' Scentsationals "home sweet home" fragrance bars are nearly identical in shape and color (both the product and its packaging) to Scentsy's "Home Sweet Home" fragrance bars. (See Exs. 7-8) Obviously, the two also share the same identifying name – home sweet home. Rimports' ScentSationals "fresh-cut pine" fragrance bars are likewise nearly identical in shape and color (both the product and the packaging) to Scentsy's "Christmas Tree" fragrance bars. (See Exs. 9-10) Moreover, all of Rimports' fragrance bars are packaged in the same six-compartment transparent plastic

**Order - 4**

clamshell package as used by Scentsy.  (See Exs. 7-10)  Rimports gave no compelling reason, functional or otherwise, for why it packages its fragrance bars in the same manner as Scentsy other than to state that such packaging is commonly used.

Claims for trade dress infringement are actionable.  *Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc.*, 457 F.3d 1062, 1067 (9th Cir. 2006); see also 15 U.S.C. § 1125(a).  Trade dress consists of its complete image and appearance, including size, shape, color and texture.  *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 , 764 n. 1 (1992).  Trade dress must be non-functional in order to be protected.  *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 842 (9th Cir. 1987).  In this case, given the similarity in the products as discussed above, the Court finds that Scentsy has met its burden of demonstrating a likelihood of success on the merits or that serious questions going to the merits were raised.

However, even if Scentsy has met its burden on the upper end of that sliding scale – by showing a likelihood of success on the merits – the Court finds that Scentsy has not shown the possibility of irreparable injury if the Court does not issue the requested TRO.  At this point, it appears that any harm caused by confusion based on Rimports sales to Wal-Mart stores in Utah has been done, and allowing Rimports to continue with such sales for the next 10 days will not cause

**Order - 5**

any further irreparable injury.[2]  However, the Court does find that any attempt by Rimports to sell its warmers and fragrance bars to other purchasers would cause further irreparable harm.[3]  Therefore, the Court will restrain Rimports from selling to purchases other than the Utah Wal-Marts which have already purchased them until the Court has an opportunity to conduct its preliminary injunction hearing. Additionally, the Court will order Rimports and Jeffery W. Palmer to make no attempt to access or acquire any of Scentsy's proprietary, confidential and/or trade secret information by any other means.

Accordingly, the Court will grant a TRO as outlined below as a means of fulfilling the primary function of preserving the status quo at this time.  *Regents of University of California v. American*, 747 F.2d 511, 514 (9th Cir. 1984).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1. Defendants Performance Manufacturing, Inc., Rimports (USA), LLC and Jeffery W. Palmer are hereby enjoined from:

---

[2] During the preliminary injunction hearing, Scentsy will of course have an opportunity to try to persuade the Court why sales beyond this 10-day period should be enjoined.

[3] Even if Scentsy has met only its burden on the lower end of the sliding scale – raising serous questions going to the merits – the result is the same.  Any sales to new purchases would tip the balance of hardship in its favor.  There is insufficient evidence that restraining Rimports from selling its products to new purchasers for only the next 10 days would cause significant hardship to Rimports.

      a.      Accessing or attempting to access or acquire any of Scentsy's proprietary, confidential and/or trade secret information, including but not limited to data which was and has been maintained on Scentsy's computer equipment and/or systems;

      b.      Reviewing, copying, disclosing, divulging, making use of, capitalizing in any way on, developing, marketing, or selling products, services or offerings based upon, or otherwise appropriating (or inducing or enabling others to do so) any of Scentsy's proprietary, confidential, and/or trade secret information, which Defendants have or have had in their possession, custody, or control;

      c.      Misappropriating, acquiring, or using any of Scentsy's trade secrets;

      d.      Copying, distributing, displaying, creating derivative works or otherwise using protected elements of Scentsy's copyrighted works, including, but not limited to, Scentsy's wickless candle warmers and fragrance bars;

2.      Defendants Performance Manufacturing, Inc. and Mike Duff are enjoined from transferring, selling, or shipping (directly or indirectly)

**Order - 7**

      a wax melting and/or packaging machine similar to those manufactured by Performance Manufacturing for Scentsy to Defendants Rimports (USA), LLC and/or Jeffery W. Palmer or any third party;

3. Defendants Performance Manufacturing, Inc. and Mike Duff are enjoined from providing any information to Defendants Rimports (USA), LLC and Jeffery W. Palmer or any third party which representatives of Performance Manufacturing, Inc. received from Scentsy or representatives of Scentsy while working with Scentsy to manufacture the wax melting and/or packaging machines at issue, if said information relates to Scentsy's formula or ingredients for its fragrance bars; heating and cooling temperatures used to melt Scentsy's wax; packaging processes for packaging its fragrance bars; or any confidential information relating to Scentsy's business;

4. Defendants Rimports (USA), LLC and Jeffery W. Palmer are enjoined from distributing and/or selling its ScentSationals model warmers and ScentSationals brand fragrance bars in the six-cubed clamshell packaging containers to any new purchasers, which includes any purchasers other than the Utah Wal-Mart stores that have already

**Order - 8**

purchased the products from Rimports.

IT IS FURTHER ORDERED that Plaintiff file immediately with the Clerk of the Court a security in the sum of $10,000.00 pursuant to Rule 65(c).

IT IS FURTHER ORDERED that this TRO will expire by the terms of Rule 65(b) within 10 days from the date of this Order.

IT IS FURTHER ORDERED that a hearing on preliminary injunction shall be set for **January 15, 2009 at 10:30 a.m.** in front of the Honorable Edward J. Lodge at the James A. McClure Federal Building and U.S. Courthouse in Boise, Idaho.

IT IS FURTHER ORDERED that each party shall file a brief, not to exceed 15 pages, on the preliminary injunction matter no later than **January 12, 2009**.

DATED:  **January 8, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

Order - 9