IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCENTSY, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. CV08-553-S-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| PERFORMANCE MANUFACTURING, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

Before the Court in the above entitled matter are various motions filed by Plaintiff in this matter relating to its desire to inspect a piece of machinery manufactured by one of the Defendants in this action scheduled to be delivered to the other Defendants in this action. (Dkt. Nos. 101, 123, 124). The Defendants have responded to the initial motion for inspection. (Dkt. Nos. 115, 119). Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2)(ii).

**Factual and Procedural Background**

On February 9, 2009, the Court entered an Order granting the Plaintiff's, Scentsy, Inc., motion for preliminary injunction against the Defendants in this action, Performance Manufacturing, Inc. ("PMI"), Mike Duff, Rimports (USA) LLC, and Jeffery Palmer. (Dkt. No. 56). The injunction precluded PMI from delivering a machine it had built for Rimports and also barred Rimports from

MEMORANDUM ORDER - Page 1

distributing or selling certain of its products except as it had sold them prior to the injunction being entered. (Dkt. No. 56). Thereafter, Rimports and Mr. Palmer filed a motion for reconsideration and a motion to modify the injunction challenging that the Court erred in not issuing separate specific findings of fact and conclusions of law and erred in determining Scentsy was likely to succeed on the merits of its trade dress claim. (Dkt. Nos. 57 and 58). PMI also filed a motion for reconsideration of the preliminary injunction as to them, essentially joining in Rimports' motion. (Dkt. No. 65). The Court held a hearing on the motion filed by Rimports and Mr. Palmer's motion and, on April 3, 2009, the Court granted their motion to reconsider and vacated the Preliminary Injunction Order. (Dkt. No. 97). The Court also vacated the Preliminary Injunction Order as to PMI. (Dkt. No. 98). Thereafter, Scentsy filed a motion to expedite rule 34 inspection and motion to stay and a motion to shorten time for response. (Dkt. Nos. 101, 102).

Scentsy's motion sought to inspect and test the machine built by PMI in Georgia on April 29, 2009 or May 18, 2009. (Dkt. No. 101). The motion also asked that the Court's order vacating the preliminary injunction be stayed until such inspection could be completed. The Court expedited the briefing and ordered the Defendants to respond to the motion for inspection by April 24, 2009. (Dkt. No. 107). In response, the Defendants stated that they do not "oppose an expedited Rule 34 inspection of the machine that PMI has built for Rimports" but that the proposed date was when Defendants were unavailable. (Dkt. No. 115). The Defendants also opposed any stay arguing the Court had determined that Scentsy was unlikely to succeed on the merits of its claims and, therefore, there is no basis for ordering a stay. PMI joined in Rimports' response. (Dkt. No. 119). Instead of filing a reply brief, Scentsy filed another two motions. (Dkt. Nos. 123, 124). Scentsy's latest motions ask for enforcement of agreement for a Rule 34 inspection and a motion to again expedite briefing. The motion for enforcement of agreement relies upon Rimport's response to Scentsy's initial Rule 34 motion which stated that they "do not oppose an expedited Rule 34 inspection...." (Dkt. No. 115). The Court now takes up these motions.

**Discussion**

As to Scentsy's most recent motions (Dkt. Nos. 123, 124), the Court denies both motions. Rimport's statement in a response brief that it did not oppose an expedited Rule 34 inspection is a

MEMORANDUM ORDER - Page 2

far cry from an "agreement" requiring a court order to enforce. The parties in this matter appear to be unable to reach even the simplest understandings whether it be over the language of the disclaimer or discovery. The Court has neither the time nor the inclination to mediate over counsels' bickering and squabbling whether it be orally, in writing, or over email.

As to Scentsy's initial motion for an expedited Rule 34 inspection, the Court finds good cause exists to allow an expedited inspection of the machine built by PMI for Rimports in this matter. Federal Rule of Civil Procedure 34(b)(2)(A) generally allows thirty days in which to respond in writing to a request for inspection. This time period may be shorter or longer by stipulation under Rule 29 or by an order of the Court. Fed. R. Civ. P. 34(b)(2)(A). A stipulation is the desired method and should be pursued first before coming to the Court. It is unclear whether any stipulation was attempted here. Regardless, Rimports responded stated that it did not object to the requested inspection. See Fed. R. Civ. P. 34(b)(2)(B). At this point, the parties merely need to schedule the inspection. Based on the emails attached to these motions, the parties were unable to arrive at a date for the inspection and now the indication is that the machine is going to be shipped to Rimports soon. Scentsy desires to stay the Court's Order lifting the injunction and preclude the shipment of the machine until the inspection occurs.

Having reviewed the record in this case and the Court's Orders regarding the injunctions, the Court denies Scentsy's request for a stay. Granting the stay at this point would essentially serve as an injunction against PMI. The Court, having now twice considered the injunction against PMI, has denied the same. The burden upon reconsideration is high and the Court did not take lightly its reconsideration of the injunction. The Court carefully reviewed the record before it and determined that Scentsy had failed to establish a likelihood of success on the merits of their claims. (Dkt. No. 98). Scentsy's motion for inspection and stay now seeks to essentially have the injunction reinstated so it can obtain evidence to prevail on the preliminary injunction motion. The Court finds this to be too little too late. The Court has made its ruling on the preliminary injunction motion based upon the record before it. The Court determined that the PMI machines are one component of Scentsy's overall mechanized process for mixing, melting, dispensing, cooling, and packaging their fragrance pars. (Dkt. No. 98). The record before the Court demonstrated that the PMI machines were not

MEMORANDUM ORDER - Page 3

involved in the mixing or melting of wax, it was debatable whether any trade secrets were given to PMI, and even if there were trade secrets exchanged it did not appear that the PMI machines embodied or revealed those trade secrets. Further, the Court determined that even if Scentsy ultimately prevails in this action, the damages are not irreparable as monetary damages would be sufficient to compensate Scentsy. (Dkt. No. 98). As such, the Court finds there are no grounds for it to grant Scentsy's request to stay the Order lifting the injunction and the motion to stay is denied.

> In addition, the Court previously stated:
>
> In vacating the Preliminary Injunction Order the Court does not give unlimited carte blanche authority to PMI to distribute and/or sell its machines without limitation. PMI remains bound by the terms of its contract and/or agreements with Scentsy to the extent they are determined to be applicable. If it is later determined that PMI has violated any of the terms of its agreements with Scentsy by its delivery of any machines to Rimports, Mr. Palmer, or any other third party, PMI could be liable for damages as deemed appropriate by a jury.

(Dkt. No. 98). In doing so, the Court made clear that if it is ultimately determined that PMI violated any of its contracts and/or agreements whether by shipping the machine to Rimports or any other third party that it could be liable for damages. The Court understands Scentsy's desire to inspect the machine before it is shipped and that PMI intends to ship the machine to Rimports soon. However, the Court's ruling on the injunction is clear and granting Scentsy's motion at this stage would essentially re-instate the injunction without any basis for doing so. Accordingly, the Court orders that the parties to immediately confer regarding scheduling of the inspection and set the inspection to occur on or before May 8, 2009. If the parties cannot agree an a date, the Court sets the inspection for 3:00 p.m. on May 6, 2009. The Defendants shall have the machine available and ready for such inspection and testing on either the date agreed upon by the parties or the date set by the Court. Whether it occurs in Georgia or Utah is left to the parties to resolve.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court HEREBY ORDERS as follows:

1. Plaintiff's Motion for Expedited Rule 34 Inspection (Dkt. No. 101) is **GRANTED**. The parties are directed to confer immediately to schedule the inspection to occur on

    or before May 8, 2009. If no agreement is reached, the inspection shall occur at 3:00 p.m. on May 6, 2009.

2.  Plaintiff's Motion to Stay (Dkt. No. 101) is **DENIED**.
3.  Plaintiff's Motions to Enforce Agreement for Rule 34 Inspection (Dkt. No. 123) is **DENIED**.
4.  Plaintiff's Motion to Shorten Time for Response (Dkt. No. 124) is **DENIED**.

DATED: **May 4, 2009**

_____
Honorable Edward J. Lodge
U. S. District Judge